ARTHUR H. SHAW, RESPONDENT, *v.* SALT LAKE CITY RAILROAD COMPANY, APPELLANT.

DAMAGES—PERSONAL INJURIES — EVIDENCE — IN REBUTTAL. CONTRIBUTORY NEGLIGENCE — INSTRUCTIONS. NEGLIGENCE — FURTHER INSTRUCTIONS.

*Damages — Personal Injuries — Evidence — In Rebuttal.*

In an action for damages for personal injuries caused by being run into by a street-car, it is proper for plaintiff to prove in rebuttal a statement, made by defendant's witness, who was motorman, immediately after the accident, at the place where it occurred, and in the presence of plaintiff and defendant's agents in charge of the car, which statement is inconsistent with the testimony of such witness from the stand.

*Contributory Negligence — Instructions.*

Although plaintiff may have been negligent, yet, if nevertheless the defendant could, by the use of proper and ordinary care,

have prevented the injury, an instruction, that, "if in the hurry of the moment, or in a moment of forgetfulness, the plaintiff attempted to cross the track without exercising that care which a man of ordinary prudence ought to exercise under the circumstances, he was guilty of contributory negligence, and can not recover," is properly refused.

*Negligence — Further Instructions.*

In such a case an instruction that "if you believe from the evidence that the defendant's motorman had the last opportunity to avoid the accident after the negligence of the plaintiff, and failed to use all reasonable means to avoid the same, the defendant would be guilty of negligence, and would be liable," is properly given.

(Decided December 15, 1899.)

Appeal from the Third District Court, Salt Lake County, Hon. A. N. Cherry, *Judge.*

Action to recover damages for injuries alleged to have been caused by the negligence of defendant company. From a judgment for plaintiff, defendant appealed. *Affirmed.*

*Messrs. Pierce, Critchlow & Barrette* for appellant.

The case is governed by the well-established rule, that the master will not be bound by his agent's declaration as to past transactions. The rule is laid down in Mechem on Agency, 714; 1 Greenleaf on Evidence, Sec. 113; Rice's Law of Evidence, Sec. 348, *et seq.*

Our court cites, with approval, the rule laid down by the Supreme Court of the United States in *Railroad Company* v. *O'Brien*, 119 U. S., 99.

The court erred in refusing to instruct the jury as requested by defendant, that if in the hurry of the moment, or in a moment of forgetfulness, the plaintiff attempted to cross the track without exercising that care

which a man of ordinary prudence ought to exercise under the circumstances, he was guilty of contributory negligence, and can not recover. *Burgess* v. *Salt Lake City R. Co.*, 17 Utah, 406; *Hall* v. *Railway Co.*, 13 Utah, 243, and cases cited.

*Messrs. Zane & Rogers*, for respondent.

The court did not err in permitting witness Tyson to testify that the motorman said just after the collision that he forgot to ring the bell. Jones on the Law of Evidence, Secs. 847, 360; *Insurance Co.* v. *Mosley*, 8 Wall., 397; *Linderberg* v. *Crescent M. Co.*, 9 Utah, 163; *Wilson* v. *Southern Pac. Co.*, 13 Utah, 352; *Keyser* v. *C. & G. T. Ry. Co.*, 66 Mich., 390.

" Both parties being negligent, the true rule is held to be that ' the party who last has a clear opportunity to avoid the accident, notwithstanding the negligence of his opponent, is considered solely responsible for it.' " *Hall* v. *Railway Co.*, 13 Utah, 243; *Thompson* v. *Salt Lake Rapid Transit Co.*, 16 Utah, 281.

BASKIN, J.

This is an action in which the plaintiff seeks to recover damages for injuries alleged to have been received by him through the negligence of the defendant.

It is alleged in the complaint, " That the defendant, in violation of its duty, so negligently managed and operated its car that the said plaintiff while crossing the railway track upon said street with the horse and cart, and while in the exercise of due care on his part, was struck by the car and thrown from the cart upon the ground and greatly injured. That the negligence of the said defendant in managing and operating its car consisted in this, that notwithstanding the fact that the plaintiff was crossing the said track, with his back toward the advancing car, and,

although he was in plain sight of the motorman upon said car, the said motorman, without slackening his speed in any way, and without giving warning of the approach of said car, although he had a fair chance and the ability to stop the said car before striking the said plaintiff, nevertheless ran the said car so that he drove it in and upon the said cart of plaintiff, and thereby caused to the plaintiff the injuries aforesaid."

The answer denied these allegations, and alleged contributory negligence on the part of the plaintiff.

The jury returned a verdict in favor of plaintiff for $800; a judgment was rendered for that amount against the defendant, from which judgment the defendant appealed.

1. The first objection raised by defendant is that the witness Tyson was permitted to testify that the motorman in charge of the car by which the plaintiff was injured, within a few minutes after the accident, and at the place where it occurred, and while the agents of the defendant, in charge of the car, and the plaintiff were still present, in answer to the question by witness, " Why did n't you ring the bell ? " replied, " I forgot it."

This testimony was introduced in rebuttal. F. W. Blacklock, the motorman, had, before the introduction of the foregoing testimony, been placed upon the stand, and had testified that when he saw plaintiff upon the track, he had rung the bell.

This reply of the witness Blacklock, made in answer to the question asked by Tyson, is inconsistent with his statements upon the witness stand, and was therefore properly admitted in rebuttal.

2. The second objection is that, " The court erred in refusing to instruct the jury as requested by defendant, that if in the hurry of the moment, or in a moment of

forgetfulness, the plaintiff attempted to cross the track without exercising that care which a man of ordinary prudence ought to exercise under the circumstances, be was guilty of contributory negligence, and can not recover."

The plaintiff's evidence sustained the allegations of the complaint. By reference to the complaint it will be seen that the negligence complained of is that notwithstanding the fact that the plaintiff, when injured, was upon the track with his back to the advancing car, and in plain sight of the motorman, yet the motorman upon the car, without giving warning of the approach of the car, or slackening its speed, although he had a fair chance and the ability to stop it before striking the plaintiff, ran the car against the cart in which plaintiff was riding and injured him.

In view of the evidence sustaining these allegations said instruction was properly refused, for notwithstanding the jury might have considered that the plaintiff was guilty of negligence on his part, yet if, as the evidence tended to show, the jury were satisfied that the motorman was careless or reckless in failing to either stop the car or to give the defendant warning of its approach, they were warranted in finding for the plaintiff. *Everill* v. *Railway Co.*, 9 Utah, 341; *Hall* v. *Railway Co.*, 13 Utah, 343.

If said instruction had been given and the jury had found that the plaintiff was negligent, they would have been forced to return a verdict for the defendant, although they may have been satisfied from the evidence that, notwithstanding plaintiff's negligence, the defendant could, by the use of proper and ordinary care, have prevented the injury.

3. The third objection is that, "The court erred in charging the jury in the following words: 'In other words, if you believe from the evidence that the defend-

ant's motorman had the last opportunity to avoid the acci-
dent after the negligence of the plaintiff, and failed to use
all reasonable means to avoid the same, the defendant
would be guilty of negligence, and would be liable, etc.' "

We do not think the objection to this instruction is
tenable. ·

It is ordered that the judgment of the court below be
affirmed, with costs.

BARTCH, C. J., and MINER, J., concur.