CASE 93—INDICTMENT FOR HOUSEBREAKING—JANUARY 20.

## Loving v. Commonwealth.

APPEAL FROM JEFFERSON CIRCUIT COURT, CRIMINAL DIVISION.

CRIMINAL LAW—HOUSEBREAKING—"TAKE AWAY."—It is a felonious taking away within the meaning of section 1162 of the Kentucky Statutes for the defendant to have taken the property from a trunk and packed it into a basket, with the intent to appropriate it, although he may have been detected and dropped the basket without removing it from the house.

CHAS. G. RICHIE FOR APPELLANT.

1. No crime against the statute shown. Ky. Stats., sec. 1162.
2. The court erred in defining "taking."

CLIFTON J. PRATT, ATTORNEY-GENERAL, AND M. H. THATCHER FOR APPELLEE.

On the points made by counsel for appellant. Ky. Stats., sec. 1162; Breckinridge v. Com., 97 Ky., 272; Com. v. Prewitt, 82 Ky., 240.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

Section 1162, Kentucky Statutes, reads as follows:

"If any person shall feloniously . . . break any dwelling house or any part thereof, or any out-house belonging to or used with any dwelling house, and feloniously take away anything of value, although the owner or any person may not be there, he shall be confined in the penitentiary not less than two nor more than ten years."

The prosecution is under this section of the statute. It is averred in the indictment that the appellant "unlawfully and feloniously did break and enter into the dwelling house of Philip Harold, and unlawfully and feloniously did take, steal and carry away therefrom articles of value," etc.

Mrs. Harold testified that she had fastened the front door; that she later found it open, and the appellant in a room, where he had taken from a trunk certain articles of clothing, belonging to her husband, and packed them in a basket; that on seeing her he dropped the basket.

The court, in effect, told the jury that the removal of the property from the trunk and placing it in his basket was a "taking away," within the meaning of instruction . No. 1. That instruction substantially stated the provision of the statute.

It is urged that the appellant was not guilty, because he did not carry the goods away from the dwelling house. For the Commonwealth it is contended that the removing of the goods in the manner described was a taking, in contemplation of the statute.

Our opinion is that, when a party has feloniously broken into a dwelling house, and, after entering it, is guilty of an act which constitutes larceny, he has violated the pro-

vision of the statute under consideration. It is not necessary that he should carry the property from the house, but, if he takes hold of it, and removes it from the place where he finds it, with the felonious intent of appropriating it to his own use, without the consent of the owner, he is guilty of larceny, and of the taking away in the meaning of the statute under consideration.

The judgment is affirmed.