[No. 12146.   Department One.   December 1, 1914.]

HENRY GILCHER, *Appellant*, v. SEATTLE ELECTRIC COMPANY, *Respondent*.[1]

TRIAL—CONDUCT—ARGUMENT OF LAW POINTS—EXCUSING JURY—DISCRETION—ABUSE. It is discretionary to allow a jury to remain in the court room during the discussion of law points; and while the safer course would be to exclude the jury, the failure to do so will not be a reversible error, except in case of clear abuse of discretion; and no abuse appears, where a supreme court decision was read stating that the evidence "seems to preponderate in appellant's favor, yet the issue involved was for the jury;" especially where the jury were several times clearly instructed to disregard such matter entirely.

Appeal from a judgment of the superior court for King county, Humphries, J., entered December 9, 1913, upon the verdict of a jury rendered in favor of the defendant, in an action for personal injuries sustained by a passenger knocked down and run over by street cars.   Affirmed.

*Reynolds, Ballinger & Hutson*, for appellant.

*James B. Howe* and *A. J. Falknor*, for respondent.

MORRIS, J.—Action for personal injuries with verdict for defendant.   This is the same case as that of *Gilcher v. Seattle Elec. Co.*, 69 Wash. 78, 124 Pac. 218, to which reference may be had for the facts, no recital of which need here be made, since the case is now presented only on a question of law.

Before proceeding with its evidence, respondent moved the lower court to withdraw from the jury all testimony relative to an alleged defect in the headlight of the car which injured appellant, upon the ground that the evidence wholly failed to show that the condition of the headlight in any manner contributed to the accident.   This motion was, in part, based upon what was said by this court upon the first appeal.   That it was well taken and should have been granted, is not

[1]Reported in 144 Pac. 530.

now disputed. The trial judge was seemingly not disposed to grant the motion; whereupon counsel for respondent proceeded to read a part of the opinion on the first appeal in support of his contention. Counsel for appellant suggested the opinion of this court should not be read in the presence of the jury, which suggestion met with the approval of counsel for respondent. The court, however, announced that his practice was to permit the jury to remain during the presentation of legal arguments, under instructions to disregard anything that might be then said and accept as the law of the case the instructions as given by the trial court. So ruling, the court refused to excuse the jury. Counsel for respondent again proceeded with his reading, and counsel for appellant again objected, and the court again refused to excuse the jury, saying:

"Objection overruled, exception allowed, with the statement to the jury as I have given over and over, that the jury has nothing whatever to do with the argument of counsel, or the reading of authorities to the court. The jury will be governed entirely and solely by the instructions of the court given to the jury and apply the testimony, of which they are the exclusive judges of the facts, under the instructions of the court."

This ruling is the error now urged against the judgment. In submitting the case to the jury, the trial judge said to them:

"You will banish from your minds . . . any argument of attorneys to the court or decision read to the court. You are only bound by the law as contained in the written instructions now given you by the court which you will take with you to your jury room and use in your deliberations."

We have held, in State v. Coella, 3 Wash. 99, 28 Pac. 28, that it is within the discretion of the trial judge to exclude the jury during the argument of counsel upon legal questions arising during the trial; and, while it is there recognized that the retention of the jury during the argument of counsel

upon any legal proposition addressed to the court is a privilege susceptible of abuse, it is said that it would require a clear case of the abuse of this judicial discretion to the manifest injury of a party to make a matter of this kind a ground of reversal. We have no hesitancy in saying again, as we then said, that "the safer course and the better practice would be to exclude the jury." But we are not prepared to say that the failure of the court to do so was prejudicial error; especially in the light of the remarks of the court and the instructions to the jury to the effect that they should attach no weight to the argument of counsel, or to the decision read in their hearing. That part of the opinion read to which appellant takes strongest objection is this:

"The evidence on this question, although conflicting, seems to preponderate in appellant's favor, yet the issue involved was for the jury."

So that, in the opinion of this court as well as in the remarks and instructions of the lower court, it is made clear that the issue was solely for the jury irrespective of what may have been said by either court or counsel. We have no right to assume that the jury disregarded the instructions of the court, or were influenced in reaching their determination by other than that which they were instructed was to be considered in arriving at a verdict. The presumption of right conduct on the part of the jury must be indulged in until the contrary clearly appears. In this connection, we call attention to the views of the trial judge who presided at the first trial, as quoted in the first opinion, to indicate the character of the evidence upon which the verdict was based.

We find no ground for reversing the judgment, and it is affirmed.

Crow, C. J., Chadwick, Parker, and Gose, JJ., concur.