[No. 14184. Department Two. February 2, 1918.]

BELLE UNDERHILL, *Respondent,* v. ROBERT G. STEVENSON *et al., Appellants.*[1]

MUNICIPAL CORPORATIONS — STREETS — CROSSING ACCIDENT — LAST CLEAR CHANCE. Assuming that a pedestrian, who became confused in attempting to avoid an automobile and turned first one way and then another, was guilty of negligence in the devious course she pursued, the doctrine of last clear chance applies, where the jury might have found that the proximate cause of the injuries was the defendant's failure to embrace the last clear chance of avoiding injury by stopping his car, after observing plaintiff's confusion.

SAME—STREETS — CROSSING ACCIDENTS — INSTRUCTIONS. Upon an issue as to the last clear chance of the driver of an automobile to avoid a crossing accident, it is error for the court to instruct that it was defendant's duty to stop the car if he saw plaintiff's danger and that an accident would probably result, instead of leaving it to the jury to determine upon proper instructions as to taking such precautions as would be taken by a reasonably prudent driver.

Appeal from a judgment of the superior court for King county, Albertson, J., entered November 22, 1916, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a pedestrian struck by an automobile. Reversed.

*Peters & Powell,* for appellants.

*Vanderveer & Cummings,* for respondent.

MORRIS, J.—Appeal from a judgment in a personal injury case. The facts, so far as material to our inquiry, are these: Mrs. Underhill was crossing Pine street, Seattle, from north to south, intending to take the street car on the south side of the street. As she stepped from the north curb, she saw appellant's automobile approaching from the east. She proceeded towards the street car track until nearly upon the track,

[1]Reported in 170 Pac. 354.

under the impression that the automobile would pass between her and the north curb. Evidently, at this point, she became confused and stepped back to the curb. Before reaching it she again turned towards the center of the street, when she collided with the automobile. The driver of the automobile, in seeking to avoid a collision with Mrs. Underhill, turned his machine first to the curb and then to the center of the street. It was evident to the driver of the automobile that Mrs. Underhill was confused and for the time had lost the ability to protect herself from the approaching machine. With this fact apparent from the testimony, the lower court was of the opinion the doctrine of "last clear chance" was applicable, and submitted the case to the jury upon that theory.

Appellant's first assignment of error is to the effect that in this the lower court was in error. The majority of the Department are inclined to the belief that the evidence brought the case within the doctrine of "last clear chance" as determined in *Mosso v. Stanton Co.,* 75 Wash. 220, 134 Pac. 941, L. R. A. 1916A 943, and find no error in this assignment on the ground that, assuming some negligence on the part of the respondent in the devious course she pursued to avoid the automobile, the jury might, under proper instructions, have found that the proximate cause of the injury was the failure of appellant to embrace the last clear chance of avoiding injury by stopping the car, after observing respondent's confusion and having opportunity to do so, or taking other precautions for respondent's safety.

The second assignment of error is based upon the assumption that, if the rule of "last clear chance" does apply, the court committed error in defining appellant's duty in the following instructions:

"While I say the driver of a machine is not required to stop his machine whenever he beholds a pedestrian

in front of him attempting to cross the street, yet he must do so when it would seem to an ordinarily prudent driver that, unless he does stop his machine an accident will occur and danger will result, and notwithstanding a pedestrian may have been negligent in putting himself or herself in the place where the collision occurred, yet, if the driver of the machine in approaching the place where the collision occurred sees, notwithstanding the negligence of the pedestrian, that unless he stops his machine there will be a collision and an injury, it is his duty to stop the machine, notwithstanding the negligence of the pedestrian, to avoid the accident and the injury if he can do so, and if he fails to stop the machine when the danger of the pedestrian is imminent and manifest to the observation of an ordinarily prudent driver, when with the appliances at his command he is able to stop the machine in season to avert the accident, then he would be negligent if he does not stop the machine and a collision and injury results on account of his failure to stop the machine.''

This instruction was error. While the doctrine of ''last clear chance'' as here applied charges appellant with the exercise of due care in the management of his machine after observing the dangerous plight of the respondent and her evident inability to care for herself, what is due care and whether or not it was exercised was a question for the jury to determine from the evidence, and not for the court to assume as a matter of law. The instruction should have been as in the *Mosso* case, that if, by the exercise of reasonable care and caution, the driver of the automobile saw, or could have seen, the perilous situation of the plaintiff in time to avoid the accident by stopping his car, changing its course, or taking such other precautions as a reasonably prudent driver would have taken under like circumstances, and failed to do so, such failure would be negligence, leaving for the jury to say what the ordinarily prudent driver would have done under the given circumstances, and not foreclosing that determination

by establishing the act as a matter of law. Under the instruction as given, reiterating the duty of the driver to stop the car, the jury might well say, under the law, that appellant should have stopped his car and did not do so; therefore he is guilty of negligence. Such is not the law. The jury and not the law determines whether appellant exercised his full duty.

Judgment reversed, and cause remanded to the lower court for a new trial.

ELLIS, C. J., MOUNT, and HOLCOMB, JJ., concur.

CHADWICK, J. (concurring)—I concur in the conclusion of the court to remand this case for a new trial, but I cannot agree that there is any room for the application of the doctrine of the last clear chance. It is because the court undertook to instruct upon that doctrine at all, and not because he instructed erroneously, that I vote as I do.

The plaintiff started across the street. When fairly on her way, she turned and retraced her steps, then suddenly turned and again started across the street. She had become confused. As I view the record, the driver was not apprised of the danger of her situation in time to have stopped his car or to have avoided the accident. If he appreciated the danger, he took the only chance left open to him and changed the course of his car in an attempt to avoid her. When he did this, he did all the law required of him. He took the chance. When one takes the chance, and fails, we should not hold, as a matter of law, that it is for the jury to say either that he should have taken the chance or should have avoided the accident. The law will not hold him to the doctrine when we can say, as a matter of law, that there was not a sufficient interval of time in which he might have avoided the accident. If plaintiff, being confused to the extent of making the situation, can

maintain an action, defendant should not be held under the last clear chance doctrine when it is plain that plaintiff so confused the driver that the chance which he did take did not avoid the accident.

In my judgment, the only issue in the case is one of proximate cause—whether defendants are to be held under the charge that the driver failed to sound his horn at the crossing, or that the driver was driving at an excessive rate of speed, or that defendant had entrusted the car to an inexperienced and incapable driver, or whether the proximate cause rests in the contributory negligence of the plaintiff.