[No. 14170.　Department Two.　February 26, 1918.]

# W. J. Locke, *Respondent,* v. Ronald A. Greene *et al., Appellants.*[1]

Municipal Corporations—Streets — Automobiles — Injuries to Pedestrian—Negligence—Last Clear Chance. In an action for the wrongful death of a boy playing in the street, run down by defendants' automobile, it is proper to give instructions applying the "last clear chance" rule, where the liability depended on whether the defendant actually saw the boy and should have appreciated the danger in time to have avoided the accident, or whether the boy stepped in front of the car so that there was no time to avoid the accident.

Same—Streets—Right to Use. In an action for the wrongful death of a pedestrian, run down by an automobile, it is proper to instruct that a pedestrian has the same right to use the street as the defendant had.

Same — Streets—Use—Contributory Negligence—Instructions. In an action for the wrongful death of a pedestrian, run down by an automobile, contributory negligence is sufficiently defined by instructions that tell the jury, in substance, that, if there was failure on the part of the deceased to look for the approach of automobiles or failure to use ordinary care and thereby have avoided the accident, there could be no recovery.

Same—Streets—Negligence — Question for Jury. In an action for the wrongful death of a pedestrian, run down by an automobile, a nonsuit is properly refused, where there was evidence that defendant was driving his automobile at an unreasonable rate of speed past a street car, upon boys playing in the street unconscious of his approach.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered March 16, 1917, upon the verdict of a jury rendered in favor of the plaintiff, in an action for wrongful death. Affirmed.

*McCarthy & Edge,* for appellants.

*Glenn E. Cunningham* and *R. J. Danson,* for respondent.

[1]Reported in 171 Pac. 245.

MOUNT, J.—This action was brought by the respondent to recover damages for the death of his son, who was run over and killed by an automobile driven by defendant R. A. Greene.

In the complaint, plaintiff alleged that the defendant Greene approached the deceased boy on a public street at an unlawful rate of speed, and without warning, sounding his horn, or bringing his automobile under control, attempted to drive between the deceased and another boy, when his automobile struck plaintiff's son, Tyree Locke, and killed him. For answer to the complaint, the defendants denied any negligence, and alleged that the boy who met his death was guilty of contributory negligence, because he stepped in front of defendant's car when there was no time for the defendant to avoid the collision. Upon these issues the case was tried to a jury, and resulted in a verdict and judgment in favor of the plaintiff. The defendants have appealed.

The facts are, in substance, as follows: On the morning of the 4th day of July, 1916, the respondent's son, Tyree Locke, and another boy were shooting firecrackers in the city of Spokane. They were upon Monroe street, a street which runs in a northerly and southerly direction. Eleventh avenue intersects this street from the west. A little south of the intersection of 11th avenue, Norman avenue enters from the east upon Monroe street. The two boys, on that morning, came from 11th avenue onto Monroe street and proceeded a short distance to the north. One of the boys was standing about the middle of Monroe street and near the rails of a street-car line which was upon that street. Tyree Locke was on the east side of Monroe street, a little to the east of the other boy. He was somewhere near the curb. The boys were looking to the westward. A street car, going south, passed them while they were

in this position. The appellant Greene was driving his automobile from the south to the north on Monroe street. He saw these boys for a distance of 300 feet before he came to them. He met the street car a short distance south of where the boys were. He testifies that he was traveling twelve or fifteen miles per hour on a slight down grade, that there was room enough to pass between the boys and he undertook to do so, and that Tyree Locke stepped in front of his automobile and was struck by the front right-hand fender, and the automobile ran over him and killed him.

The theory of the respondent at the trial was that the boys were standing near together, that they did not see the automobile, and that it came down upon them without warning, and ran over Tyree Locke and killed him.

The theory of the defense was, as above indicated, that the appellant was driving his car at a moderate rate of speed, that he undertook to go between the two boys—where there appeared to be plenty of room, and that the deceased boy stepped in front of appellant's car and was, for that reason, killed.

The court instructed the jury, among other things, as follows:

"You are instructed that if you find that Tyree Locke was not using his faculties or powers of observation in a reasonable way, having in consideration his age and experience, and that if he had been using the same in such manner the accident would not have happened, or that his failure to use the same contributed in any material degree to the happening of the accident, and these things you believe by a fair preponderance of the evidence, then his father cannot recover from either of the defendants, *unless you further believe from the evidence that, at the same time, said Tyree Locke was unconscious of the approach of the defendant's automobile, and the defendant driver thereof saw said Tyree Locke and observed his state of mind and discovered*

*his peril in time to have avoided the collision with him
and failed in this duty.''*

The court further gave the following instruction:

''If you believe from the evidence that Tyree Locke
collided with the automobile of the defendants, that
when he came into collision with it he was in that part
of the east side of Monroe street in which automobiles
are required to travel, and that he did not, either be-
fore entering upon or when in that portion of the street,
look for the approach of automobiles from the south,
and that by so looking he could, by the exercise of rea-
sonable care, have observed the approach of the auto-
mobile, and could, by the exercise of reasonable care,
have avoided coming in collision therewith, then he
would be guilty of contributory negligence and your
verdict should be for the defendant, *unless you further
believe from the evidence that, at said time, said Tyree
Locke was unconscious of the approach of the defend-
ant's automobile, that the defendant driver thereof saw
said Tyree Locke and observed his state of mind and
discovered his peril in time to have avoided the col-
lision with him and failed in his duty.''*

It is strenuously argued by the appellant that the
italicized portions of these two instructions are erro-
neous because they seek to apply the doctrine of last
clear chance to the facts in the case. As we have indi-
cated above, the respondent tried the case upon the
theory that the appellant saw the boys upon the street
and should have known, from the manner of the boys,
that they did not see the approach of the appellant's
car; that the appellant, driving at an unreasonable rate
of speed, carelessly ran the boy down and killed him;
while the appellants' theory was that the boy care-
lessly stepped in front of the approaching automobile
when there was no time to avoid the injury, and met his
death thereby. These instructions, we think, present
both theories of the case, and under the rule which this
court has followed in a number of cases, the italicized

portions of these instructions was not error. In the case of *Mosso v. Stanton Co.*, 75 Wash. 220, 134 Pac. 941, L. R. A. 1916A 943, we said, at page 228:

"The courts are wide of an agreement as to the extent of the last chance doctrine as applied to the operation of trains, street cars, automobiles and the like. But what we conceive to be the sounder view is this: assuming that a traveler has negligently placed himself in a dangerous situation upon the highway, then, as we have seen, whenever the person in control of such agency actually sees the traveler's situation and should appreciate his danger, the last chance rule applies, without regard to the continuing negligence of the traveler concurring with that of the operator up to the very instant of the injury."

See, also, *Herrick v. Washington Water Power Co.*, 75 Wash. 149, 134 Pac. 934, 48 L. R. A. (N. S.) 640; *Underhill v. Stevenson, ante* p. 129, 170 Pac. 354.

It follows that the italicized portions of these instructions were not erroneous.

At the beginning of one of the instructions, the court said to the jury:

"You are instructed that Tyree Locke had the same right to use the public street of the city that the defendant had."

It is argued that this was error. We think there can be no doubt that a pedestrian has the same right to the use of a public street as a vehicle, especially at or near crossings. These boys, at the time of the accident, came upon Monroe street at a street crossing. They were a little to the north of that crossing, and while it was their privilege to be upon the street, they, of course, would not be authorized to obstruct traffic any more than a vehicle; but certainly it cannot be said that a pedestrian has less right to be upon a public street than a vehicle. We think there is no error in this sentence, and, when used with reference to the

other instructions, the court meant that a pedestrian, when upon a street, had the same right as a vehicle.

Appellants next argue that the court erred in refusing to give requested instructions numbered 2, 3, 6, 7, and 8; but we are satisfied that the gist of these instructions was given in the part not italicized of those above considered.

It is argued that the court nowhere defined contributory negligence; but it is apparent that the two instructions above quoted contained a definition of contributory negligence and told the jury, in substance, that, if there was failure on the part of the deceased to look for the approach of automobiles from the south, or failure to use reasonable care and thereby have avoided the accident, there could be no recovery. Of course, this meant that there could be no recovery if the appellant was not guilty of negligence which primarily caused the collision. The instructions given by the court in this case appear to have been carefully prepared. They state the law of the case clearly and concisely, and we are satisfied that there was no error in the instructions.

It is lastly argued by the appellants that the court erred in refusing to grant a nonsuit; but it is apparent from the statement of the case which we have hereinbefore made that the question of the negligence of the appellant was one for the jury. If the appellant, as evidence offered by the respondent tends to show, was driving his automobile at an unreasonable rate of speed past the street car and upon the boys, who were standing in the street unconscious of his approach, there can be no doubt of liability. If the deceased boy stepped immediately in front of the automobile of the appellant when there was no time to avoid the accident, of course there could be no recovery, but a question was submitted to the jury by the appellants, as follows:

"Did Tyree Locke run in front of Dr. Greene's automobile?" The jury answered this question in the negative. So that the remaining question in the case was whether the appellant driver of the automobile saw the boys in time to avoid striking them and was negligent in not having his car under control at that time. That was a question for the jury, and, we think, was properly submitted.

The judgment must therefore be affirmed.

ELLIS, C. J., HOLCOMB, and CHADWICK, JJ., concur.