[No. 12736.  Department Two.  January 11, 1916.]

JOHN M. BEMISS, *Respondent*, v. PUGET SOUND TRACTION, LIGHT & POWER COMPANY, *Appellant*.[1]

CARRIERS—INJURY TO PASSENGERS—TAKING ON PASSENGERS—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE—QUESTION FOR JURY. In an action for personal injuries to an intending passenger, struck by a rapidly approaching east-bound street car, while he was about to board a west-bound car on the other track, it cannot be said, as a matter of law, that the proximate cause of the injury was his contributory negligence in standing on or near the track without taking any precautions as to the cars approaching thereon from the opposite direction, if the motorman either saw, or by the exercise of proper care should have seen, him in time to have slackened the speed of the car and avoided the injury; but the question is for the jury, where the east-bound car was approaching at full speed without warning and without any attempt to stop it until within ten feet of the plaintiff.

Appeal from a judgment of the superior court for King county, Humphries, J., entered October 20, 1914, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a pedestrian struck by a street car. Affirmed.

*James B. Howe* and *A. J. Falknor*, for appellant.

*Walter S. Fulton*, for respondent.

MAIN, J.—The purpose of this action was to recover damages for personal injuries alleged to be due to the negligence of the defendant. In the answer, the negligence was denied and contributory negligence on the part of the plaintiff was affirmatively pleaded. The affirmative defense was denied by a reply. Upon the issues thus framed, the cause was tried to a jury, and resulted in a verdict in favor of the plaintiff in the sum of $6,000. Judgment being entered upon the verdict, the defendant appeals.

[1]Reported in 154 Pac. 171.

The assignments of error challenge only the sufficiency of the evidence to sustain the verdict. The facts which were either admitted or which the jury had a right to find from the evidence introduced, are substantially as follows: At about 7 o'clock a. m., on December 31, 1913, the respondent, at the intersection of Yesler Way and Twenty-seventh avenue, in the city of Seattle, was struck by a street car operated by the appellant, and sustained a severe injury. Yesler Way is a street running from the business section of the city in an easterly direction. Twenty-seventh avenue extends north and south and intersects Yesler Way at right angles. Both streets at the place of the accident were paved.

The appellant owns and operates a double track cable street railway on Yesler Way, the cars being propelled by an underground cable which is operated at a speed of ten miles an hour, and when going at full speed, the cars are operated at the speed of the cable. The outbound cars are operated upon the southerly track and the inbound cars upon the northerly track. The distance between the inside rails of the two parallel tracks is seven feet. The cars operating upon the tracks overlap the tracks a distance of thirty and one-half inches, and as the two cars pass each other on the parallel tracks, the nearest point between the outsides of their running boards is twenty-three inches. The cars operated upon these tracks have an enclosed portion in the middle, and on each end an open section. On each side of the open section is a long seat running lengthwise of the car and facing outward, which seat is reached by a running board one step below the floor of the car. Passengers are allowed to board and alight from the cars from either the front or rear section.

At the time of the accident in question, and for some years prior thereto, the respondent had lived to the south of Yesler Way and a little to the east of Twenty-seventh avenue. It had been his custom in going to his business in the morning to take the westerly or inbound Yesler Way car at Twenty-

seventh avenue and Yesler Way. On the morning in question, when he reached the corner of Yesler Way and Twenty-seventh avenue, he observed the inbound car about one hundred and fifty feet to the east. He then crossed the street and stood upon or near the south track waiting for the car to approach, when he would board it at the front open section, as he usually did. In crossing the street, he gave no attention to any other car that might be coming from the west. When the inbound car approached the respondent, it stopped for the purpose of receiving him as a passenger, he then being opposite the south side of the rear section of the car, the front open section having passed him. While in this position, and before he boarded the car, another car approaching from the west struck him, causing the injury complained of. This latter car was proceeding at full speed without warning, and no attempt was made to stop it, or slacken its speed until it was within approximately ten feet of the place where the respondent was preparing to board, or in the act of boarding, the inbound car. After striking the respondent, the car ran practically its full length before it was stopped; the rear open section, after the car stopped, overlapped the rear open section of the inbound car. It was a dark and rainy morning, but was sufficiently light so that the motorman on the outbound car could have seen the respondent when he was approximately one hundred and fifty feet distant. It was the custom for west-bound cars at this point to receive passengers from the south side. No objection at any time was interposed by the appellant to passengers boarding the car from that side.

At the conclusion of the respondent's case, the appellant moved for a nonsuit; and at the conclusion of all the evidence, challenged the sufficiency of the evidence and moved for a directed verdict. These motions were denied.

The appellant's principal contention is that the respondent was guilty of contributory negligence in standing on or near the south track without taking any precautions to avoid

being hit by a car coming from the west upon that track. The respondent claims that the appellant was guilty of negligence in that the car upon the outbound track approached the place where the respondent was boarding the inbound car at full speed. Notwithstanding the fact that the respondent may have been guilty of negligence in failing to take any precaution for his safety while he was waiting to board the inbound car, if the motorman upon the outbound car either saw, or in the exercise of a proper degree of care could have seen, him in time to have slackened the speed of the car, and thus have avoided the accident, it cannot be held, as a matter of law, that the negligence of the respondent was the proximate cause of the injury. The question was for the jury. *Morris v. Seattle, Renton & Southern R. Co.*, 66 Wash. 691, 120 Pac. 534; *O'Brien v. Washington Water Power Co.*, 71 Wash. 688, 129 Pac. 391; *Mosso v. Stanton Co.*, 75 Wash. 220, 134 Pac. 941.

The case cited by the appellant which is most nearly in point in sustaining its contention is *Miller v. St. Paul City R. Co.*, 42 Minn. 454, 44 N. W. 533. A careful reading of that case will disclose a material difference in one respect between the facts there and the facts in this case. But even though the holding in that case would support the contention of the appellant here, it would not be controlling. Under the facts in the present case, it is ruled by the cases of *Morris*, *O'Brien*, and *Mosso*, *supra*.

The judgment will be affirmed.

MORRIS, C. J., PARKER, HOLCOMB, and ELLIS, JJ., concur.