[No. 22583. Department One. December 12, 1930.]

T. M. PARK, *Respondent,* v. THE CITY OF SEATTLE, *Appellant.*[1]

*A. C. Van Soelen* and *E. I. Jones,* for appellant.
*Julius Shain,* for respondent.

PARKER, J.—The plaintiff, Park, commenced this action in the superior court for King county seeking

[1]Reported in 293 Pac. 714.

534

recovery of damages for injuries to his automobile and to his person, alleged as the result of the negligent operation of one of the city's street cars. Trial in that court, sitting with a jury, resulted in verdict and judgment awarding to Park recovery in the sum of seven hundred dollars, from which the city has appealed to this court.

The principal questions here for determination are whether or not it should be decided, as a matter of law, that Park should be denied recovery because of want of proof of negligence on the part of the city, whether or not Park should be denied recovery because of conclusive proof of his contributory negligence, and whether or not the rule of last clear chance is applicable to the case under the evidence introduced upon the trial. The following, we think, is a fair summary of the controlling facts as the jury was warranted in viewing them: Fifth avenue runs north and south. It is eighty feet in width, with a paved vehicle roadway fifty-two feet wide between curbs. It has a double-track street railway upon it, the west rail of which is eighteen and one-half feet east of the west curb. Thomas street runs east and west, intersecting Fifth avenue at right angles. It is sixty-six feet wide, with a paved vehicle roadway forty-two feet wide between curbs. Broad street runs in a northeasterly and southwesterly direction, intersecting both Fifth avenue and Thomas street, which intersection includes a little less than one-half of the southeasterly intersection of Fifth avenue and Thomas street, and extends some one hundred forty feet further south on the west line of Fifth avenue. From the north line of the Fifth avenue and Thomas street intersection to the southerly point of the Fifth avenue and Broad street intersection on the west line of Fifth avenue, is a distance of at least two hundred feet. South-bound street cars run on

the west car track of Fifth avenue, and north-bound street cars run on the east track of Fifth avenue. The south-bound cars stop regularly immediately north of the north boundary of the Fifth avenue and Thomas street intersection.

On the day in question, Park was driving his Ford coupe northeasterly along the southeasterly side of Broad street, approaching Fifth avenue. At approximately the west line of Fifth avenue, he came to a full stop in obedience to a stop sign at that corner. He then looked north for approaching south-bound traffic on the west side of Fifth avenue, and then saw a street car at the north line of the Fifth avenue and Thomas street intersection, some one hundred seventy-five feet distant from his then position. The street car was either standing still, having not started after letting off or taking on passengers, or had barely started. Park, believing that he had ample time to cross Fifth avenue before the street car would reach his line of crossing, started across Fifth avenue, driving rather slowly. He may possibly have started after the street car had started, but it seems plain that he was in the Fifth avenue and Broad street intersection before the car had entered that intersection, even though it did first start and enter the intersection of Fifth avenue and Thomas street.

Park drove rather slowly during his course over the some thirty feet distance from his starting point to the west street car track, his attention then being directed to north-bound traffic on the easterly side of Fifth avenue. When he came upon the west track, he had to stop to avoid the north-bound traffic. He was in this perilous position, from which he was trying to extricate himself, when the south-bound car struck his coupe, carrying it some twenty feet to the south, causing the injuries for which he seeks recovery. The

speed of the street car was accelerated from the time it started at the north boundary of the intersection of Fifth avenue and Thomas street over the whole of the one hundred seventy-five feet distance to where it struck Park's coupe, or in any event up to very near where it struck Park's coupe, which was in plain view of the motorman during all of that time. The motorman did not, apparently by reason of his seeming attention being unnecessarily diverted elsewhere, actually notice the perilous position of Park's coupe.

It seems plain to us that it could not, under ordinary circumstances, be decided as a matter of law that Park was guilty of negligence in starting across Fifth avenue when the street car was at rest, or in any event barely starting at the north line of the Fifth avenue and Thomas street intersection, some one hundred seventy-five feet to the north of his projected course across Fifth avenue, he having only approximately forty feet to go to become clear of the west track on which the car was at rest, or barely starting.

It may be that Park was in some measure negligent in then starting across the avenue in view of the northbound traffic on the east side of the avenue; but even if that be so, he was none the less, as the jury might well believe from the evidence, caught in a perilous position on the west track, some appreciable length of time, plainly observable by the motorman on the street car, had the motorman been attentively observing the conditions ahead of the street car, in time for the motorman to have stopped the street car and avoid striking Park's coupe. This, we think, was such a condition as to warrant the jury in concluding that there was such negligence in the operation of the street car as to render the city liable in damages to Park under the rule of last clear chance, with reference to which the trial court correctly instructed the jury.

It is argued in this connection in behalf of the city that Park's negligence had not terminated an appreciable time before the street car struck his coupe so as to entitle him to the application of the rule of last clear chance, because he had not actually stopped his coupe upon the west track. Park testified that he had come to a full stop upon the west track, and was required to do so because of traffic conditions on the east side of Fifth avenue. At all events the evidence is very convincing that Park's coupe was either stopped or barely moving when it was struck by the street car. In other words, the jury could have well believed from the evidence that what Park was then doing was not negligent, that his driving onto the west track constituted his negligence, if he was negligent, and that what he then did was but his effort to extricate himself from his perilous position. The jury could also have well believed from the evidence, that the motorman could have seen the position of Park's coupe upon the track, and also its perilous position there by reason of the then condition of the traffic, in time to have stopped the street car and avoid striking Park's coupe.

The doctrine of last clear chance was well stated by Judge Bridges in *Johnson v. Seattle,* 141 Wash. 385, 250 Pac. 409, in harmony with our previous holdings, though in that case it was held not applicable, as follows:

"There are two branches to that doctrine. One is that if the plaintiff has been guilty of negligence, and that negligence continues up to the time of the injury, then the person driving the vehicle which does the damage is not liable unless he actually sees the plaintiff in time, by the exercise of ordinary care, to have avoided the injury. The other branch of the doctrine is that if the plaintiff has been guilty of negligence, and that negligence has placed him in a position of danger, and his negligence has ceased, then there is a

duty upon the person driving the vehicle to exercise ordinary care to see the person in the position of danger and also to exercise ordinary care to avoid the accident.''

We are of the opinion that the second branch of the doctrine of last clear chance, so stated, was applicable to be considered by the jury in this case under proper instructions in that behalf, which were given by the trial judge, and that the trial judge did not err in refusing to direct a verdict in favor of the city at the conclusion of the evidence introduced in behalf of Park and at the conclusion of all the evidence, as asked for by counsel for the city, and did not err in overruling the city's motion for judgment notwithstanding the verdict.

The trial judge correctly instructed the jury that street cars have the right of way; so instructing in the language of the city's traffic ordinance. Counsel for the city requested the trial judge to further instruct the jury relative to street cars having the right of way, as follows:

''You are instructed that as a matter of law the motorman of a street car is entitled to assume that persons using the street upon which the street car is being operated will use ordinary care for their own safety and that the motorman has the right to act upon such assumption. It is not necessary for him to stop or attempt to stop his car until he sees, or in the exercise of reasonable care should see, that another person or his property is in apparent danger. *Street cars cannot turn from their courses; they run on fixed tracks and cannot accommodate themselves as readily to emergency and cannot stop with the same promptness and facility as other vehicles.* . . .''

The trial judge gave this requested instruction except the above italicized words which he omitted therefrom. The omission by the judge of the italicized

words is claimed to be error prejudicial to the city. We think this claim of error is not sustainable. Those omitted words only state the reason of the prescribed general rule of right of way for street cars; and besides, they state only well-known facts of which jurors and all people of common understanding are well advised. In other words, the omitted italicized words of the requested instruction from the court's instruction as given are but argumentative and in support of the policy of the right of way rule as applied to this case. The objection of counsel for the city to the court's instruction to the jury upon the last clear chance doctrine was only that such an instruction was not applicable to the case under the evidence. It is not contended that the instruction, as given by the court, incorrectly states the rule. What we have already said disposes of this objection.

The failure of the court to give certain other requested instructions is assigned as error prejudicial to the city. These are but briefly argued, and we deem it sufficient to say that we have examined each of them and are of the opinion that they are inapplicable under the evidence introduced upon the trial, except in one or two particulars sufficiently covered by instructions which the court gave in its own language.

The judgment is affirmed.

MITCHELL, C. J., HOLCOMB, TOLMAN, and MAIN, JJ., concur.