[No. 24446. Department One. January 31, 1934.]

ALTA K. LAMOREAUX, *Appellant*, v. TACOMA RAILWAY & POWER COMPANY *et al., Respondents.*[1]

*Vanderveer & Bassett,* for appellant.

*F. D. Oakley, Reuben C. Carlson,* and *Chas. D. Hunter, Jr.,* for respondents.

STEINERT, J.—This is an appeal from a judgment dismissing an action after a demurrer to the complaint had been sustained.

The action was one for damages for personal injuries alleged to have been suffered by a pedestrian as the result of being run into by a street car in the city of Tacoma. The complaint alleged that the street car was owned by the Tacoma Railway & Power Co.; that it was being operated by it at the time through its employee John G. B. Johnson; and that the speed limit for street cars operating over the streets of Tacoma was fixed by ordinance at not to exceed twenty miles per hour. Following these allegations, the complaint reads as follows:

[1]Reported in 28 P. (2d) 1019.

"That on the 3rd day of April, 1930, the plaintiff was walking in a westerly direction across North Cheyenne Street in the usual course of pedestrian traffic along the north sidewalk line of North 44th Street in said city; that as she entered said street she observed one of the defendant's street cars a block distant, turning the corner of North 45th Street into Cheyenne Street, and, because she had ample time to cross the street car track in safety ahead of said car had the same been operated at a lawful speed, as she assumed it would be, she proceeded across said intersection, and because her attention was engaged with, and her vision obscured by, a raised umbrella which she was carrying to shelter her from the rain, she did not again observe the approach of said street car. That although the defendant, John G. B. Johnson, had a clear and unobstructed view of the plaintiff as she approached and crossed the street car track and knew that she was in a position of extreme peril of which she was wholly unaware, and had ample time, by the exercise of reasonable care, to stop said street car and avoid striking her, and, by ringing a gong with which said street car was equipped, could have given the plaintiff ample warning of her danger, he nevertheless negligently failed to stop or slacken the speed of said street car and negligently failed to give any warning of its approach and negligently operated said street car at an unlawful and dangerous speed of more than twenty miles per hour in violation of the ordinance aforesaid, and just as the plaintiff was crossing the westerly rail of said track, he ran said street car against her person with such violence that she was thrown to the pavement and sustained a severe injury to her head which has resulted in the permanent loss of 45% of the hearing of her right ear; her spine and coccyx were painfully and permanently injured; her nervous system was permanently and seriously shocked; and she sustained numerous other bruises, particularly about her right elbow and left ankle, as a result of all of which she was confined to her bed at her home for more than three weeks; she has ever since been totally incapacitated and she is informed

and believes and therefore alleges that she will be totally incapacitated from engaging in her vocation as a trained nurse; she will be required to incur large expenses for the services of physicians and surgeons, and her general health will be permanently impaired, to her damage in the sum of $25,000.''

The demurrer, of course, admitted the truth of the factual allegations of the complaint. The record does not disclose the theory upon which the demurrer was sustained. It may have been either upon the theory that no actionable negligence was alleged in the complaint, or that, on the facts alleged, appellant was guilty of contributory negligence as a matter of law. ▇ That the complaint alleged actionable negligence is too plain for argument. As to the possible theory of contributory negligence as a matter of law, we are satisfied that, under the facts set forth in the complaint, the question of contributory negligence was one of fact for the jury. In *Richmond v. Tacoma Railway & Power Co.*, 67 Wash. 444, 122 Pac. 351, we said:

"In the early case of *McQuillan v. Seattle*, 10 Wash. 464, 38 Pac. 119, 45 Am. St. 799, this court expressed its views upon the question of contributory negligence being generally one for the jury, as follows:

" 'Generally the question of contributory negligence is for the jury to determine from all the facts and circumstances of the particular case, and it is only in rare cases that the court is justified in withdrawing it from the jury. . . .

" 'There are two classes of cases in which the question of negligence may be determined by the court as a conclusion of law, but we think the case in hand does not fall within either of them. The first is where the circumstances of the case are such that the standard of duty is fixed, and the measure of duty defined, by law, and is the same under all circumstances. . . . And the second is where the facts are undisputed and but one reasonable inference can be drawn from them.

. . . If different results might be honestly reached by different minds, then negligence is not a question of law, but one of fact for the jury.' "

The following cases are to the same effect upon this question and fortify our conclusion that the complaint stated a cause of action: *Burian v. Seattle Electric Co.*, 26 Wash. 606, 67 Pac. 214; *Mallett v. Seattle, Renton, etc., Co.*, 66 Wash. 251, 119 Pac. 743; *Morris v. Seattle, Renton, etc. Co.*, 66 Wash. 691, 120 Pac. 534; *Bemiss v. Puget Sound T. L. & P. Co.*, 89 Wash. 239, 154 Pac. 171; *Johannessen v. Washington Water Power Co.*, 104 Wash. 182, 176 Pac. 8; *Johnson v. Seattle*, 113 Wash. 487, 194 Pac. 417; *Swanson v. Pacific Northwest Traction Co.*, 121 Wash. 96, 208 Pac. 10; *Johnson v. Seattle*, 141 Wash. 385, 250 Pac. 409.

The judgment is reversed, with instruction to the trial court to overrule the demurrer.

BEALS, C. J., MAIN, MITCHELL, and MILLARD, JJ., concur.